**WHITE, Plaintiff-Appellee, v. WHITE, Defendant-Appellant.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 23167.   Decided October 13, 1954.

L. J. LoPresti, Louis R. Lanza, Cleveland, for plaintiff-appellee.
Calhoun, McLeod & Frick, Gorman, Arthur & Schofield, Cleveland, for defendant-appellant.

## OPINION

PER CURIAM:

This appeal comes to this Court on questions of law from an order of the Common Pleas Court entered March 16, 1954, correcting and amending the judgment of the Court filed for journalization on April 14, 1953, granting plaintiff's petition for permanent alimony and ordering the defendant to pay attorney fees and expenses in the sum of $6000.00.

Whether or not there was any evidence in the record to support an order requiring the defendant to pay the plaintiff (in addition to the order for alimony, the right to occupy the home and other benefits granted the plaintiff by the decree of the court), an award as alimony to defray her legal expenses is not here either presented or considered  That question can only be considered on an appeal from the original order as amended by the court's ruling on the motion to "correct and amend," and the presentation of a bill of exceptions setting forth the evidnce considered by the court in making such order for trial expenses.

A careful examination of the evidence taken upon the trial of this motion clearly indicates that the trial judge in entering his judgment on

588

April 14, 1953, intended to direct the defendant to pay the plaintiff as additional alimony the expenses incurred by her in managing the suit, including attorney fees in the sum of $6000.00 and to enter judgment therefor in her favor for that amount. Whether the amount of such expenses was the result of an agreement between the parties, or not, is of no moment. The evidence on this question is in conflict, the court concluding on the trial of the motion "to correct and amend" that the amount of the award was determined by agreement. We are bound by such determination, being unable to find that such conclusion is against the manifest weight of the evidence.

In any event, there can be no question but that the court intended to enter upon its journal an enforceable judgment to defray the plaintiff's legal expenses as a part of the award for alimony.

Thereafter, as is provided by rule of court, counsel for the defendant proceeded to draw the journal entry necessary to carry the court's order into effect. The journal entry thus drawn and journalized insofar as the provisions for the payment to the plaintiff of an amount sufficient to defray attorney fees and expenses was so imperfectly drawn that it carried into the record of the case an unenforceable order. This was not in accord with the judgment which the court intended to enter on the journal. The judgment as thus drawn constituted an "irregularity in obtaining a judgment" as provided by §2325.01 R. C., and was and is subject to motion after term seeking to correct it so that the journal will in fact speak the truth.

For these reasons the order of the court of March 16, 1954, correcting the journal entry of April 14, 1953 is affirmed. Exceptions. Order see journal.

HURD, PJ, KOVACHY and SKEEL, JJ, concur.